UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CANDICE WARREN,<br><br>          Plaintiff,<br><br>   v.<br><br>CAPITAL ONE, N.A.,<br><br>          Defendant. | Case No. C14-0656RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I.     INTRODUCTION

This matter comes before the Court on the parties' Cross-Motions for Summary Judgment. Dkts. #18 and #27. Defendant, Capital One, N.A. ("CONA") argues that Plaintiff's claims, which arise under the Real Estate Settlement Procedures Act ("RESPA") and its implementing Regulation X, must be dismissed because RESPA does not apply to the mortgage at issue in this matter. Dkt. #18. Plaintiff argues that Regulation X conflicts with the statutory language of RESPA, and therefore does not preclude the claims. Dkt. #27. Having reviewed the record before it, and for the reasons discussed herein, the Court disagrees with Plaintiff, DENIES her Motion for Summary Judgment, and GRANTS Defendant's Motion for Summary Judgment.

///

///

ORDER
PAGE - 1

## II.     BACKGROUND

This matter stems from a mortgage loan made to Plaintiff by Defendant. Defendant has set forth the factual background in its brief, which Plaintiff does not dispute. *See* Dkts. #18 at 2-3 and #24 at 3. According to Defendant, on June 14, 2006, Candice Warren purchased over 36 acres of land from Martin and Betty Addicott under a real estate contract. *See* Dkts. #1-2 at ¶ 6 and #19 at ¶ ¶ 2, 4, and 5 and Ex. A. The property purchased from the Addicotts ("Subject Property") consisted of two parcels, Parcel 125919 and Parcel 47581.[1]  Ms. Warren subsequently adjusted the lot lines of these two parcels to increase the size of Parcel 47581 and decrease the size of Parcel 125919. According to the Skagit County Assessor's Office, Parcel 125919 is currently about 31 acres in size. Dkt. #19 at ¶ 5 and Ex. D.

In May 2007, Ms. Warren obtained a loan of $2,475,000 from B.F. Saul Mortgage Company ("Loan"). Dkt. #1-2 at ¶ 7. The Loan was secured by a Deed of Trust on the Subject Property. Dkt. #19 at ¶ 6 and Ex. E. Ms. Warren used about $1,076,700 of the Loan proceeds to pay off her real estate contract with the Addicotts, which was due by June 15, 2007. Dkts. #1-2 at ¶ 7 and #19 at ¶ 3. Through August 2009, Ms. Warren used most of the remaining Loan proceeds to make improvements to the log house on the Subject Property and to construct certain equestrian improvements including a barn and paddock. Dkt. #1-2 at ¶ ¶ 7 and 12.

The Loan was initially serviced by Chevy Chase Bank, F.S.B., the parent entity of B.F. Saul Mortgage. Chevy Chase Bank, F.S.B. ("Chevy Chase") was merged into CONA effective July 30, 2009. Dkt. #19 at ¶ 7 and Ex. F. Ms. Warren was notified of Capital One's acquisition of Chevy Chase through a Notice of Transfer of Servicing Rights. Dkt. #19 at ¶ 8 and Ex. G.

---

[1] Ms. Warren also purchased an adjoining parcel (Parcel 47582) from William Rupp and Marta Schellberg for $250,000. Together, this parcel and the Subject Property were 80 acres in size. Dkt. #19 at ¶ 4 and Ex. C.

ORDER
PAGE - 2

The Notice advised Ms. Warren that the servicer of her mortgage loan was changing to CONA. Ms. Warren made payments on the Loan through July 9, 2012. Dkt. #1-2 at Ex. B.

Shortly after making her last mortgage payment, Ms. Warren applied for a loan modification with CONA but it was not approved. Dkt. #19 at ¶¶ 9-10 and Exs. H and I. In January 2013, a Notice of Default was given to Ms. Warren, but the non-judicial foreclosure on the Subject Property did not progress further. Dkt. #19 at ¶ 11 and Ex. J.

On or about November 13, 2012, Ms. Warren sent CONA a letter identified as a Qualified Written Request ("QWR"). Dkt. #1-2, Ex. C. The letter was received by an employee of a third-party vendor for CONA but, apparently, an appropriate task was not entered into CONA's workflow system, so CONA never responded to the letter. Dkt. #19 at ¶ 12. On August 1, 2013 and October 25, 2013, Ms. Warren's counsel, James Sturdevant, sent letters or documents to CONA which were also identified as QWRs pursuant to 12 U.S.C. § 2605. Dkt. #1-2, Exs. D and F. CONA responded to these letters but Plaintiff alleges that the responses are deficient and do not comply with CONA's obligations under RESPA.[2]

In 2014, Ms. Warren offered to pay off her Loan with $1 million in cash, but CONA declined the offer. Dkt. #19 at ¶ 13 and Ex. K. The instant action followed.

### III.   DISCUSSION

**A. Legal Standard on Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on

---

[2] Defendant has represented that solely for purposes of this Motion the Court may assume that the three letters constitute QWRs under RESPA and that CONA did not properly respond to them. Dkt. #18 at 3.

ORDER
PAGE - 3

summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248. As noted above, the parties agree that there are no disputed material facts and that this matter is appropriate for disposition on the instant cross-motions.

**B. Plaintiff's Claims**

Plaintiff is pursuing two claims in this matter. First, she alleges that CONA failed to fulfill its obligations under RESPA, 12 U.S.C. § 2605(e) and (f) and implementing Regulation X, by failing to respond or by inadequately responding to her three QWRs. Dkt. #14 at ¶ 1. Second, she alleges that the failure to adequately respond to her QWRs was a *per se* violation of Washington State's Consumer Protection Act ("CPA"). Dkts. #14 at ¶ 1 and #24 at 2. Plaintiff also agrees that if the Court finds for Defendant on the RESPA claim, there is no violation of the CPA and that claim will fail. Dkt. #24 at 2. Accordingly, the Court first addresses the parties' arguments regarding the applicability of RESPA.

*1. RESPA*

RESPA is a consumer protection statute that regulates the real estate settlement process, including servicing of loans and assignment of those loans. *See* 12 U.S.C. § 2601 (Congressional findings); *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 680 (7th Cir. 2011). RESPA was enacted to institute

> significant reforms in the real estate settlement process. . . to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are

ORDER
PAGE - 4

> protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country.

12 U.S.C. § 2601(a).

RESPA applies to lenders who offer "federally related mortgage loans." *See* 12 U.S.C. § 2605. The Act imposes a number of duties on lenders and loan servicers. Of significance to the instant matter, it requires the servicer of a federally regulated mortgage loan to provide borrowers with a timely written response to a QWR. 12 U.S.C. § 2605. A QWR is a written correspondence that includes "the name and account of the borrower" and "a statement of the reasons . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e) (1) (B). If the servicer fails to adequately respond to a QWR, RESPA entitles the borrower to recover actual damages and, if there is a "pattern or practice of noncompliance," statutory damages of up to $2,000. 12 U.S.C. § 2605(f).

Plaintiff alleges that Defendant failed to respond or inadequately responded to her three QWRs, and therefore it violated RESPA and she is entitled to damages. Defendant argues that RESPA is not applicable to the alleged failures with respect to Plaintiff's QWRs because her mortgage loan is exempt from coverage under RESPA. Specifically, Defendant points to former implementing regulation 24 C.F.R. § 3500.5(b)(1), now found at 12 C.F.R. § 1024.5(b)(1) (2014), which exempts from coverage loans on property of 25 acres or more. Dkt. #18 at 5. Plaintiff and Defendant agree that Plaintiff's mortgage loan is secured by more than 25 acres of property. As a result, Defendant asserts that RESPA does not apply and therefore there was no obligation to respond to Plaintiff's QWRs, so there has been no violation of RESPA.

ORDER
PAGE - 5

Federal courts consistently recognize that:

> [t]he Regulations provide that RESPA applies to all federally related mortgage loans except for the exemptions contained in 24 C.F.R. § 3500.5(b). That subsection sets forth seven different exceptions, including a loan on property greater than 25 acres, a loan primarily for business purposes, temporary financing, vacant or unimproved property, subsequent assumptions without lender approval, loans converted to different terms, and secondary-market transactions.

*Henson v. Fid. Nat'l Fin., Inc.*, 300 F.R.D. 413, 420 (C.D. Cal. 2014); *see also Spears v. First Am. eAppraiseIT*, 2014 U.S. Dist. LEXIS 130521, *18 (N.D. Cal. 2014) ("RESPA does not apply to all credit transactions. 'The Regulations [applicable to RESPA] provide that RESPA applies to all federally related mortgage loans except for the exemptions contained in 24 C.F.R. § 3500.5(b). That subsection sets forth seven different exceptions, including a loan on property greater than 25 acres. . . .'" (citations omitted)); *Dunn v. Meridian Mortgage*, 2009 U.S. Dist. LEXIS 37593, *7-8 (W.D. Va. 2009) ("Just like TILA and HOEPA, RESPA "does not apply to credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes." Nor does the Act apply to a loan on a property of greater than twenty-five acres." (citations omitted)); *Hoover v. Wisecarver*, 2006 U.S. Dist. LEXIS 64174, *13 (S.D. Miss. 2006) ("By virtue of authority granted in section 19 of the Act, 12 U.S.C. § 2617(a), the Secretary of Housing and Urban Development promulgated regulations further interpreting the Act's definition of 'federally related mortgage loan.' Those regulations excepted several transactions from the coverage of the Act including a loan on property of 25 acres or more." (citations omitted)).

Plaintiff responds that the 25-acre exemption contained in a regulation is inconsistent with the language of RESPA itself, which merely exempts loans used for business, commercial,

ORDER
PAGE - 6

or agricultural purposes, and must be disregarded under the *Larionoff* standard. Dkt. #24 at 4.[3] The Court disagrees. The *Larionoff* Court set forth the basic tenet that "regulations, in order to be valid, must be consistent with the statute under which they are promulgated." *Larionoff*, 431 U.S. at 873; *Decker v. Northwest Envtl. Def. Cnt.*, 133 S. Ct. 1326, 1334, 185 L. Ed.2d 447 (2013). The regulation containing the 25 acre exemption makes clear that it is prescribing exemptions to the "federally regulated mortgage loans" that are covered by RESPA, rather than implementing the business, commercial, or agricultural purpose exemption, as Plaintiff would have the Court find. *See* 12 C.F.R. § 1024.5(a) and 24 C.F.R. § 3500.5(a) (2012). While Plaintiff argues that the Regulation promulgating this 25 acre exemption "*sub silencio* repeals the functional legislative test and substitutes for it a size-of-the-collateral test," she provides no legal authority adopting that assertion. *See* Dkt. #24 at 4. In fact, her sole argument is that because she did not use her loan for business, commercial or agricultural purposes, the 25 acre exemption conflicts with RESPA. *Id.* With nothing more than this bare assertion, Plaintiff has not demonstrated that the exemption is inconsistent with RESPA. Accordingly, the Court finds that RESPA does not apply to Plaintiff's mortgage loan in this case, and therefore there is no violation for its failures with respect to Plaintiff's QWRs.

   *2. Washington CPA*

   As noted above, Plaintiff has conceded that if the Court finds for Defendant on the RESPA claim, there is no violation of the CPA and that claim will fail. Dkt. #24 at 2. Accordingly, the Court dismisses this claim as well.

///

///

---

[3] Citing to *United States v. Larionoff*, 431 U.S. 864, 873, 97 S. Ct. 2150, 53 L. Ed.2d 48 (1977).

ORDER
PAGE - 7

## IV.  CONCLUSION

Having reviewed the parties' Cross-Motions, the responses in opposition thereto and Defendant's reply in support thereof,[4] along with the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Summary Judgment (Dkt. #27) is DENIED.

2. Defendant's Motion for Summary Judgment (Dkt. #18) is GRANTED.

3. Plaintiff's claims are dismissed in their entirety and this matter is now CLOSED.

DATED this 12th day of March 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that on March 6, 2015, the date Plaintiff's Reply brief was due, Plaintiff filed a motion to allow the filing of her Reply brief on March 9, 2015. Dkt. #35. The Court granted the motion, see Dkt. #36; however, Plaintiff has never filed a Reply brief in this matter.